# EXHIBIT A



English 无障碍浏览 | 实名认证 | 老年版

首页　　机构设置　　全面依法治国　　政府信息公开　　政务服务　　立法意见征集　　互动交流

首页 > 机构设置 > 直属单位 > 司法协助交流中心 > 新闻动态

# 国际民商事司法协助常见问题解答

来源：司法部官网　　发布时间：2023-03-30 14:38　　　　分享到　　　　打印

中国与外国根据《海牙送达公约》《海牙取证公约》以及目前缔结生效的38项中外双边司法协助条约（以下统称"条约"）规定途径，以及外交途径开展民商事司法协助，主要内容包括司法文书送达、调查取证和判决的承认与执行等。下面就咨询的常见问题做一简要回答，供参考。

一、关于文书送达

1.外国司法机关或个人能否直接通过国际邮件或者传真、电子邮件等向中国境内当事人送达文书？

答：不能。根据中国《民事诉讼法》，外国司法机关或个人不能直接向中国境内当事人送达文书，应当通过条约规定途径或外交途径，向司法部或外交部提交请求，由中国人民法院代为送达。中国在加入《海牙送达公约》时已对第10条作出保留，反对通过邮寄方式在中国境内送达。

2. 中国境内当事人尤其是中国企业或公民收到外国司法机关或司法人员通过国际邮件或者传真、电子邮件等送达的司法文书，应如何处理？

答：这种送达方式根据中国法律属无效送达。如外国法庭据此出具判决，如该判决涉及在中国境内申请承认与执行，送达环节将被我法院视为程序瑕疵，判决将无法承认及执行。当事人应及时向外国法院解释中国法律规定，请其按条约规定途径有效送达。

3. 在国内法院提起诉讼，如诉讼一方在国外，如何向外国当事人送达诉讼文书？

答：应通过受理法院提出向外国送达司法文书的请求。各级人民法院通过最高人民法院将请求材料转递到中方中央机关司法部，由司法部根据条约规定向外国中央机关提出送达请求。如送达目的地国与中国未缔结相关条约，应通过外交渠道提出文书送达请求。

请求涉及北京、上海、广东、浙江、江苏、福建、江西、山东、广西、海南10地的，由该地高级人民法院向海牙送达公约成员国中央机关直接提出。

4. 向在中国领域内无住所的外国当事人送达司法文书是否必须通过条约规定途径？能否由国内法院直接将司法文书通过邮寄或者传真、电子邮件等方式向外国当事人送达？

答：根据中国《民事诉讼法》第274条，除条约规定途径外，另有其他7种送达途径，国内法院可根据情况选择。如受送达人所在国法律允许邮寄或者传真、电子邮件等方式送达的，地方法院可以该方式直接向外国当事人送达。

二、关于调查取证

5．外国司法机关或司法人员如何调取位于中国境内的证据材料？

答：应根据条约规定途径，由外国具有提出取证请求资格的司法机关或个人向司法部提出调查取证请求。与中国未缔结相关条约的，应向外交部提出请求。请求经审批后由人民法院执行，结果由请求接收部门答复请求方。

6. 外国司法机关或个人能否直接询问（包括通过电话、视频等技术手段）位于中国境内的证人？

答：不能。中国在加入《海牙取证公约》时已对公约第二章除第15条之外全部作出保留，不允许外国司法机关直接向位于中国境内的证人取证。外国相关机构应通过条约规定途径向司法部，或通过外交途径向外交部提出取证请求，请求经审批后由人民法院执行。

7. 外国司法机关或相关人员能否委托中国境内的律师或其他机构询问证人或其他人员，或调取位于中国境内的材料，并将结果用于外国法院的诉讼？

答：根据中国《民事诉讼法》，取证由人民法院或者经人民法院批准后由律师进行，其他任何机构或个人不得在中国境内进行取证。

三、关于判决的承认与执行

**8. 外国法院的判决能否在中国境内执行？依何程序？**

答：外国法院的生效判决、裁定，需人民法院承认与执行的，可由当事人直接向有管辖权的中级人民法院申请，也可由外国法院依条约规定或互惠原则请求人民法院承认与执行。人民法院审查后认为不违反中国法律基本原则或国家主权、安全、社会公共利益的，裁定承认其效力，需要执行的，发出执行令。违反中国法律基本原则或国家主权、安全、社会公共利益的，不予承认和执行。

**9. 中国法院的判决如何申请外国承认与执行？**

答：被执行人或其财产不在中国领域内，当事人请求执行的，可由当事人直接向有管辖权的外国法院申请承认和执行，也可以由人民法院依条约规定或互惠原则，通过司法部或外交部，向外国提出承认与执行的请求。

**10. 涉外仲裁裁决的承认与执行和判决的承认与执行程序是一样的吗？**

答：法院判决的承认与执行可以依据双边民商事司法协助条约，通过中央机关途径，请求人民法院对本国法院判决予以承认与执行。仲裁裁决在外国的承认与执行依据《承认及执行外国仲裁裁决公约》（纽约公约），如双方都是公约成员国，当事人直接向被执行人所在国法院申请承认和执行，无需通过中央机关。

**11. 婚姻家庭纠纷中儿童抚养权判决如何申请承认与执行？**

答：中国尚未加入《国际诱拐儿童民事方面的公约》，儿童抚养权判决根据中国法律予以承认与执行，但不能对子女人身、探望行为强制执行。

**四、其他**

**12. 中国境内当事人如需外国司法协助，如何提出请求？可否直接向司法部提出？**

答：当事人可向当地人民法院提出申请，人民法院通过最高人民法院转递司法部或外交部，根据条约规定或互惠原则向被请求国提出。司法部不直接受理当事人向外国提出的请求。

请求涉及北京、上海、广东、浙江、江苏、福建、江西、山东、广西、海南10地的，由该地高级人民法院向海牙送达公约、海牙取证公约成员国中央机关直接提出。

**13. 民商事司法协助信息化进展如何？**

为便利国际民商事司法协助，司法部开设了网上提交系统www.ilcc.online，外国请求方可直接提交请求资料。请求一经受理，请求方无需再邮寄纸质资料。

另外，司法部民商事司法协助中央机关信息公布于海牙公约官网各成员国中央机关信息页面：

电话：010 5560 4537

传真：010 5560 4538

电子邮箱：inquiry@ilcc.online

通信地址：100035北京市西城区平安里西大街33号司法部司法协助交流中心

责任编辑: 王佳茹

上一篇： 司法部司法协助交流中心2023年部门预算
下一篇： 2022年民商事司法协助案件统计

中国政府网　　中央政法部门　　国务院各部门　　司法部专业子网站　　地方司法厅局　　中央重点新闻网站

 中华人民共和国司法部 版权所有  京ICP备13016994号-2

 京公网安备 11010502035627号

网站地图　联系我们　法律声明
网站标识码bm13000002

 政府网站找错



 司法部移动端

**The Ministry of Justice of the People's Republic of China**

**Frequently Asked Questions on International Civil and Commercial Judicial Assistance**

Source: Judicial Assistance Network
Publication Date: March 30, 2023, 14:38

China and foreign countries, based on the *Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, the *Convention on the Taking of Evidence Abroad in Civil or Commercial Matters*, as well as 38 bilateral judicial assistance treaties that are currently in effect, have established guidelines for the service of legal documents, investigation and evidence collection, and recognition and enforcement of judicial decisions in cross-border cases. The following provides a brief response to common questions regarding document service based on these treaties for your reference.

### I.     Regarding Document Service

1. Can a foreign judicial body or individual directly serve documents to a person within China's borders through mail, fax, or electronic mail, etc.?

**Answer**: No. According to China's *Civil Procedure Law*, a foreign judicial body or individual cannot directly serve documents to a person within China. Such requests should be submitted through the channels specified by treaties or through diplomatic channels, to the Ministry of Justice or the Ministry of Foreign Affairs, for the People's Court of China to serve on their behalf. When China joined the *Hague Service Convention*, it reserved the right under Article 10, which prohibits serving documents by mail within its territory.

2. How should it be handled if a person located within China, whether Chinese or foreign, receives documents served by a foreign judicial body through international mail, fax, or email?

**Answer**: Such service methods are deemed invalid under Chinese law. If a foreign court issues a judgment based on this, and if the judgment involves an application for recognition and enforcement within China, the service of process will be deemed procedurally flawed by our court, and the judgment will not be recognized or enforced. The parties should promptly explain the requirements of Chinese law to the foreign court and request that the documents be served through the appropriate channels specified by the treaty.

**CERTIFICATION OF TRANSLATION**

I, Ronghua Guan, being over the age of eighteen and not a party to the action, hereby swear and attest to the following:

My qualifications as a translator are as follows: I grew up in the People's Republic of China, and Chinese is my native language. I am fluent in English and fully competent to translate from Chinese to English. I have personally made the above English translation of the attached Exhibit A, specifically, the first two questions in the *Frequently Asked Questions*. To the best of my knowledge and ability, the translation is complete and accurate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 30, 2024 in Los Angeles, California.

_____
Ronghua Guan