**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 23-62185-CIV-SMITH**

ADIDAS AG, *et al.*,

          Plaintiffs,

vs.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

          Defendants.

_____/

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO**
**DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT**

TABLE OF CONTENTS

SUMMARY ........................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ....................................................................... 1

ARGUMENT ......................................................................................................................... 3

   I.   The Court May Exercise Personal Jurisdiction Over Defendants ................................... 3

      A.   Defendants have not adequately challenged the Court's exercise of personal
jurisdiction ........................................................................................................... 4

      B.   Plaintiffs have demonstrated that personal jurisdiction is proper under both the Florida
long-arm statute and the Due Process Clause ....................................................... 5

          1.   The Court may exercise personal jurisdiction over Defendants under the Florida
long-arm statute ............................................................................................... 5

          2.   Defendants have minimum contacts with the forum such that maintenance of the suit
is consistent with due process ........................................................................... 6

   II.   Defendants Were Properly Served ................................................................................ 8

      A.   The Hague Convention Does Not Apply to the Instant Action ................................... 8

      B.   Even if the Hague Convention were applicable, service via e-mail was proper in this
action ................................................................................................................... 9

      C.   Service on Defendant via e-mail is not inconsistent with the Hague Convention ........ 12

      D.   The Hague Convention does not displace FED. R. CIV. P. 4(f)(3) .............................. 13

   III.   Defendants Have Failed to Demonstrate Excusable Neglect ....................................... 15

      A.   Defendants have not demonstrated a meritorious defense ............................................ 15

      B.   Granting the motion will result in substantial prejudice to adidas due to the destruction
of documents and key data that cannot be recovered .......................................... 15

      C.   Defendants have offered no reason whatsoever for their failure to answer the
Complaint .............................................................................................................. 17

CONCLUSION .................................................................................................................... 19

TABLE OF AUTHORITIES

CASES

ABC LLC V. PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, CIVIL ACTION NO. 24-CV-03436 (N.D. ILL) .............................................................. 17

ADIDAS AG V. INDIVIDUALS, P'SHIPS & UNINCORPORATED ASS'NS IDENTIFIED ON SCHEDULE "A," NO. 19-CV-61264-UU, 2019 U.S. DIST. LEXIS 249483 (S.D. FLA. MAY 22, 2019) ................ 14

ALDANA V. DEL MONTE FRESH PRODUCE N.A., INC., 741 F.3D 1349, 1355 (11TH CIR. 2014) ........ 1

ARCHITECTURAL INGENIERIA SIGLO XXI, LTD. LIAB. CO. V. DOMINICAN REPUBLIC, 788 F.3D 1329, 1343 (11TH CIR. 2015) .................................................................................. 15

BELL N. RSCH., LLC V. HMD AM., INC., 2023 US DIST. LEXIS 39359 (SD FLA MAR. 8, 2023) ... 7

BETTY'S BEST, INC. V. THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, NO. 1:23-CV-22322-DSL (S.D. FLA) .......................................... 17

BOHANNON V. PHH MORTG. CORP., NO. 1:12-CV-02477-RWS, 2015 U.S. DIST. LEXIS 30742, AT *8 (N.D. GA. MARCH 12, 2015) ................................................................................ 16

BPI SPORTS, LLC V. THERMOLIFE INTERNATIONAL LLC ET AL, NO. 19-CV 60505-RS (S.D. FLA. FEB. 14, 2023) ........................................................................................... 18

BROOKSHIRE BROS., LTD. V. CHIQUITA BRANDS INT'L, INC., NO. 05-CIV-21962, 2007 U.S. DIST. LEXIS 39495, 2007 WL 1577771, AT *2 (S.D. FLA. MAY 31, 2007) ................................... 10, 13

BRUNSWICK RECORDS CORP. V. LASTRADA ENTM'T CO., LTD., 2022 U.S. DIST. LEXIS 214743, *8 (S.D. FLA. NOV. 29, 2002) ........................................................................................ 5

CHANEL, INC. V. 3UREPLICACHANEL.COM, 2020 U.S. DIST. LEXIS 250940 (S.D. FLA. JULY 8, 2020) .................................................................................................. 10, 13

CHANEL, INC. V. DESIGNERCHANELGIRL.COM, NO. 20-62447-CIV, 2020 U.S. DIST. LEXIS 248562 AT *1 (S.D. FLA. DEC. 2, 2020) ............................................................................ 12, 13

CHANEL, INC. V. HANDBAGSTORE, NO. 20-CV-62121-RUIZ/STRAUSS, 2021 U.S. DIST. LEXIS 122842 (S.D. FLA. JUNE 30, 2021) ...................................................................... 9, 10, 11, 13

CREELED, INC. V. INDIVIDUALS, P'SHIPS, & UNINCORPORATED ASS'NS IDENTIFIED ON SCHEDULE "A", 699 F. SUPP. 3D 1357, 1361 (S.D. FLA. 2023) ...................................................... 3, 5, 6, 7, 8

DAVIS ET AL V. THE ENTITIES LISTED ON EXHIBIT 1, CIVIL ACTION NO. 23-CV-10799 (N.D. ILL). 17

EASYGROUP LTD. V. SKYSCANNER, INC., NO. 20-20062-CIV-ALTONAGA/GOODMAN, 2020 U.S. DIST. LEXIS 166425, AT *15 (S.D. FLA. SEPT. 11, 2020) ............................................ 5, 6, 7

FLORIDA PHYSICIAN'S INS. CO., INC. V. EHLERS, 8 F.3D 780, 784 (11TH CIR. 1993) ...................... 18

GOMEZ V. MAJESTIC HOTEL S. BEACH LLC, NO. 1:18-CV-23871-KMM, 2020 U.S. DIST. LEXIS 27627 (S.D. FLA. FEB. 14, 2020) ........................................................................................ 18

GONZALEZ V. CROSBY, 545 U.S. 524, 529 (2005) ........................................................................ 1

GRANT V. POTTINGER-GIBSON, 725 F. APP'X 772, 776 (11TH CIR. 2018) ...................................1, 15

GUCCI AM., INC. V. HUALI FAN, 2010 U.S. DIST. LEXIS 152725 (S.D. FLA. SEPT. 28, 2020) .....8, 9

GURUNG V. MALHOTRA, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) ...................................................... 12

HANGZHOU CHIC INTELLIGENT TECH. CO. V. P'SHIPS & UNINCORPORATED ASS'N, 2021 U.S. DIST. LEXIS 64064 (N. D. ILL. APRIL 1, 2021) ...............................................................................11, 12

HART V. HODGES, 2005 U.S. DIST. LEXIS 50946 (M.D. GA. JULY 8, 2005) .................................. 9

Jacobs v. Hudson Real Estate Holdings, LLC, 0-CIV-80911-RAR, 2021 U.S. Dist. LEXIS 33184 *9-10 (S.D. Fla. Feb. 23, 2021) ........................................................................................... 18

LICCIARDELLO V. LOVELADY, 544 F.3D 1280, 1283 (11TH CIR. 2008) ....................................3, 5, 7

LOUIS VUITTON MALLETIER, S.A. V. MOSSERI, 736 F.3D 1339, 1350 (11TH CIR. DEC. 2, 2013) ...... ...................................................................................................................... 3, 4, 5, 6, 7

MADARA V. HALL, 916 F.2D 1510, 1514 (11TH CIR. 1990) ...........................................................3, 4

MALLETIER V. INDIVIDUALS, NO. 0:23-CV-62209-KMM, 2023 U.S. DIST. LEXIS 234494 (S.D. FLA. DEC. 14, 2023) ................................................................................................... 12

MALLETIER V. LOUIS-VUITTONONLINES.ORG, 2017 U.S. DIST. LEXIS 226549 (S.D. FLA. MAY 31, 2017) ................................................................................................................ 13

OLDFIELD V. PUEBLO DE BAHIA LORA, S.A., 558 F.3D 1210, 1220 (11TH CIR. 2009) .................... 6

PREWITT ENTERS., INC. V. ORG. OF PETROLEUM EXPORTING COUNTRIES, 353 F.3D 916, 926 (11TH CIR. 2003) ................................................................................................................ 10

RICHEMONT INT'L SA V. MONTBLANCHOT.COM, NO. 20-CV-61941, 2020 WL 5763931, AT *2 (S.D. FLA. SEPT. 28, 2020) ........................................................................................................ 13

SKECHERS U.S.A., INC. II V. THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS D/B/A THE DOMAIN NAMES IDENTIFIED ON SCHEDULE "A," CIVIL ACTION NO. 1:24-CV-00596 (N.D. ILL.) .............................................................................................................................. 17

SLOSS INDUS. CORP. V. EURISOL, 488 F.3D 922, 924-935 (11TH CIR. 2007) ................................. 18

TRACFONE WIRELESS, INC. V. BRITTON, 278 F.R.D. 687, 692 (S.D. FLA. JAN. 11, 2012) ............. 14

iv

UNITED STATES V. APPROXIMATELY $299,873.70 SEIZED FROM A BANK OF AM. ACCOUNT, 833 F.
 APP'X 773, 775 (11TH CIR. 2020)............................................................................................ 15

UNITED STATES V. KROLL, NO. 21-11472, 2023 U.S. APP. LEXIS 992, AT *10, 131 A.F.T.R.2D
 (RIA) 2023-358 (11TH CIR. JAN. 17, 2023) ........................................................................15, 18

VIAHART, LLC V. HE GANPENG, NO. 21-40166, 2022 U.S. DIST. LEXIS 3974 (5TH CIR. FEB. 14,
 2022) ........................................................................................................................................ 14

VOLKSWAGENWERK AKTIENGESELLSCHAFT V. SCHLUNK, 486 U.S. 694, 699, 108 S. CT. 2104,
 2108 (1988) .........................................................................................................................12, 13

WATER SPLASH, INC. V. MENON, 137 S. CT. 1504, 1507, 197 L. ED. 2D 826 (2017) ..........10, 12, 13

WINSTON V. WALSH, 829 F. APP'X 448, 450 (11TH CIR. 2020), CERT. DENIED, NO. 20-1225, 2021
 WL 1520834 (U.S. APR. 19, 2021)........................................................................................... 10

## STATUTES

FLA. STAT. § 48.193(1)(A)(2) ........................................................................................................... 5

FLA. STAT. §48.193(1)(A)(2) ........................................................................................................... 5

## RULES

FED. R. CIV. P. 4(F)(1), (3) .......................................................................................... 8, 9, 10, 13, 14

Plaintiffs Adidas AG, Adidas International Marketing B.V., and Adidas America, Inc. (collectively "Plaintiffs" or "adidas") file this brief in opposition to the Rule 60(b) Motion to Set Aside Final Default Judgment filed by Defendants localityi.com and mediumspots.com (collectively, "Defendants") and in support would respectfully show as follows:

## SUMMARY

Relief under Rule 60(b) is at the expense of the finality of judgments and is, therefore, considered an "extraordinary" remedy. See Gonzalez v. Crosby, 545 U.S. 524, 529 (2005); Grant v. Pottinger-Gibson, 725 F. App'x 772, 776 (11th Cir. 2018) ("The Rule 60(b) movant's burden is a heavy one on appeal."); Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) ("Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief."). Defendants have failed to carry this burden because: (1) personal jurisdiction is established under the Florida long-arm statute and the Due Process clause; (2) the Hague Convention does not apply here and, even if applicable, the precedent of this District makes clear that service via e-mail to defendants based in The People's Republic of China ("China" or "PRC") is not prohibited by the Hague Convention and constitutes proper service; and (3) Defendants have failed to demonstrate excusable neglect.

## FACTUAL AND PROCEDURAL BACKGROUND

1.     On November 17, 2023, adidas filed their Original Complaint claiming trademark infringement counterfeiting and other claims under the Lanham Act and common law. [DE 1]. adidas filed for TRO on November 27, 2023, which the Court granted on April 17, 2024 [DE 12], and subsequently converted into a preliminary injunction on April 30, 2024. [DE 22]. The TRO and preliminary injunction required, *inter alia*, PayPal, Inc. ("PayPal") and Stripe, Inc. ("Stripe"), and their related companies and affiliates, to identify and restrain all funds in Defendants'

associated payment accounts and divert those funds to a holding account for the trust of the Court. Both PayPal and Stripe complied with the requirements of the Court's Orders. See Plaintiffs' Motion for Entry of Default Judgment. [DE 31]. PayPal's records reflected that the accounts restrained were already previously restrained in prior District Court actions. (See Declaration of Stephen Gaffigan in Support of Plaintiffs' Opposition to Defendants' Rule 60(b) Motion to Set Aside Final Default Judgment ("Gaffigan Decl."), filed herewith ¶ 2).

2.      Also on November 27, 2023, adidas filed their motion for alternative service pursuant to Federal Rule of Civil Procedure 4(f)(3). [DE 9]. The Court granted adidas's motion on April 17, 2024 [DE 11], authorizing adidas to serve the Summonses, Complaint, and all pleadings, filings, and discovery in this matter via e-mail and by posting on adidas's designated serving notice website. adidas complied with the Court's Order on April 23, 2024 [DE 25], resulting in an answer date for Defendants of May 14, 2024. [DE 25].

3.      On April 29, 2024, adidas filed Certificates of Service demonstrating service via e-mail and website posting to all Defendants, as ordered by the Court, of all pleadings to date, including but not limited to the TRO and Order Granting Same [DE 16], the Court's Order Granting Alternative Service, Expiration of 90 days, and Plaintiffs' Filing of Bond. [DE 17]. And on May 15, 2024, adidas served the Court's Order Granting Entry of Preliminary Injunction. [DE 26, 27]. adidas moved for Clerk Entry of Default in a filing that same date and served all Defendants via e-mail and website posting [DE 28], resulting in the Clerk's Entry of Default on May 16, 2024. [DE 29]. adidas then moved for final Default Judgment on May 24, 2024. [DE 31].

4.      While adidas's motion for default was pending, on June 4, 2024, attorneys Darren A. Heitner, of the Florida Bar, and Anthony H. Son, filed Notices of Appearance and moved for an order allowing attorney Anthony Son to appear *pro hac vice*. [DE 33]. The motion was granted the

next day. [DE 34]. By virtue of his e-mail address of ason@dgwllp.com [DE 33] it is clear Mr.

Son is affiliated with the law firm of DGW Kramer LLP. (See Gaffigan Decl. at ¶ 6, 8). Indeed, on

November 5, 2024, just prior to the filing of Defendants' Motion, attorney Jacob Y. Chen of DGW

Kramer LLP filed his own appearance on behalf of Defendants. [DE 38].

## ARGUMENT

### I.     THE COURT MAY EXERCISE PERSONAL JURISDICTION OVER DEFENDANTS

A federal district court in Florida may exercise personal jurisdiction over a nonresident

defendant to the same extent that a Florida court may if the requirements of (1) Florida's long-arm

statute and (2) the Due Process Clause of the Fourteenth Amendment to the United States

Constitution are both satisfied. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1350 (11th

Cir. Dec. 2, 2013); Licciardello v. Lovelady, 544 F.3d 1280, 1283 (11th Cir. 2008); CreeLED, Inc.

v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A", 699 F. Supp. 3d

1357, 1361 (S.D. Fla. 2023).

A plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out

a prima facie case of jurisdiction." See Mosseri, 736 F.3d at 1350. "When a defendant challenges

personal jurisdiction 'by submitting affidavit evidence in support of its position, the burden

traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" Id., quoting

Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). Importantly, this burden "does not shift back

to the plaintiff when the defendant's affidavits contain only conclusory assertions that the

defendant is not subject to jurisdiction." Id. While Defendants have not properly challenged

personal jurisdiction in the first place, adidas has established that the exercise of personal

jurisdiction over Defendants is proper pursuant to both the Florida long-arm statute and the Due

Process clause and Defendants' motion must fail.

**A.**      **Defendants have not adequately challenged the Court's exercise of personal jurisdiction**

To properly challenge personal jurisdiction, Defendants must submit affidavit evidence supporting their position. Id. This affidavit evidence must do more than offer conclusory assertions. Id. In Mosseri, in support of his purported challenge to jurisdiction, the defendant's affidavit did not challenge the accessibility of the website but stated only that he was not affiliated with the website at issue. Id. at 1351. Yet, the Court determined that the plaintiff had ordered through the defendant's website and had received the infringing goods in Florida. Id. As such, the Eleventh Circuit held it was "questionable whether [defendant's] conclusory denial shifted the burden back to the plaintiff at all" and confirmed the district court's denial of the defendant's Rule 60(b) motion to vacate a default judgment. Id.

Here, Defendants' affidavits offer nothing more than the conclusory assertion that Defendants do "not target Florida residents with advertisements, nor direct any marketing efforts or materials in Florida." See Defendants' Motion [DE 40] at Declaration of Long Zhang [DE 40-3 ¶ 5] and Declaration of Xingyuan Jiang [DE 40-4 ¶ 5]. Defendants do not deny the accessibility of their websites in Florida—which is sufficient to establish personal jurisdiction in Florida as a matter of law—and even admit the sale and delivery of their products within the State of Florida. Id. at Declaration of Long Zhang [DE 40-3] ¶ 6 and Declaration of Xingyuan Jiang [DE 40-4] ¶ 6. See Mosseri, 736 F.3d at 1354. Defendants' motion should be dismissed based on their own evidence.

**B.**      **Plaintiffs have demonstrated that personal jurisdiction is proper under both the Florida long-arm statute and the Due Process Clause**

      **1.**      **The Court may exercise personal jurisdiction over Defendants under the Florida long-arm statute**

Defendants properly acknowledge that trademark infringement claims are torts and a "'defendant commits a tortious act under [Fla. Stat. §48.193(1)(a)(2)] as long as the act causes injury in Florida' regardless of where the defendant is located." See Defendants' Motion [DE 40, pp. 3-4], citing Brunswick Records Corp. v. Lastrada Entm't Co., Ltd., 2022 U.S. Dist. LEXIS 214743, *8 (S.D. Fla. Nov. 29, 2002). Yet, the remainder of Defendants' argument runs afoul of both the facts and the law.

Defendants suggest that the accessibility of their website in Florida, alone, is not sufficient to support the exercise of personal jurisdiction because Plaintiffs are not residents of Florida. [DE 40 at p. 4]. This is not the law. Mosseri, 736 F.3d at 1354 (a plaintiff may validly invoke § 48.193(1)(a)(2) where an alleged trademark infringement occurred in Florida by virtue of a defendant's website's accessibility in Florida); see also CreeLED, Inc., 699 F. Supp. 3d at 1361. Application of the long-arm statute depends not on the residency of the plaintiff, but whether the defendant "commit[s] a tortious act within this state" that causes injury within the state. Fla. Stat. § 48.193(1)(a)(2); see also Easygroup Ltd. v. Skyscanner, Inc., No. 20-20062-CIV-ALTONAGA/Goodman, 2020 U.S. Dist. LEXIS 166425, at *15 (S.D. Fla. Sept. 11, 2020); Licciardello, 544 F.3d at 1283 (the Court "need not decide whether trademark injury necessarily occurs where the owner of the mark resides, as the Florida district courts have held, because in this case the alleged infringement clearly also occurred in Florida by virtue of the website's accessibility in Florida"). The same is true here.

adidas has demonstrated the accessibility of Defendants' websites to consumers in Florida [DE 8 at Gutierrez Decl. ¶ 14; Gigante Decl. ¶ 2; Burns Decl. ¶¶ 3–4 and Comp. Ex. 1] and Defendants do not deny this fact. This accessibility, alone, is sufficient to support the exercise of personal jurisdiction as a matter of law. See Mosseri, 736 F.3d at 1354; CreeLED, Inc., 699 F. Supp. 3d 1357 at 1361. Moreover, adidas has purchased counterfeit products from Defendants that were shipped to physical addresses in Florida, resulting in direct injury to adidas within the forum state. (See Gaffigan Decl. at ¶ 4). Defendants' own affidavits admit such sales. [DE 40-3 Declaration of Long Zhang at ¶ 6 and DE 40-4 Declaration of Xingyuan Jiang at ¶ 6]. Thus, Defendants' motion is without merit and must fail.

2.   **Defendants have minimum contacts with the forum such that maintenance of the suit is consistent with due process**

To satisfy due process, a nonresident defendant must have "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1220 (11th Cir. 2009); see also Easygroup Ltd., 2020 U.S. Dist. LEXIS 166425. The three-part due process test examines: (1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. Mosseri, 736 F.3d at 1355. The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, the defendant must make a "compelling case" that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice under the third prong. Id. The fair play and substantial justice prong is to be applied "sparingly." Easygroup Ltd., 2020 U.S. Dist. LEXIS 166425, at *33.

6

Defendants do not even mention—much less challenge—the first two prongs of the due process test. As such, Defendants have admitted that adidas's claims arise out of Defendants' contacts with Florida and that Defendants have purposefully availed themselves of the privilege of conducting activities within this state. See Mosseri, 736 F.3d at 1355-56 (where a defendant operates a Florida-accessible website and sells and delivers infringing goods through that website to Florida customers, the first two prongs of the due process test are "easily satisfied"); see also Easygroup Ltd., 2020 U.S. Dist. LEXIS 166425, at *27 (collecting cases).

Defendants jump straight to the third prong—whether the exercise of personal jurisdiction over Defendants comports with traditional notions of fair play and substantial justice. Defendants maintain that this factor "is decidedly against Plaintiff[s]" because adidas "has shown no injury" in Florida and defending the suit in Florida will be burdensome to these non-resident Defendants. [DE 40 at pp. 6-7]. Defendants' entire argument consists of conclusory statements and a citation to Bell N. Rsch., LLC v. HMD Am., Inc., 2023 US Dist. LEXIS 39359 (SD Fla Mar. 8, 2023). Id. The focus in *Bell* was the fact that the defendant did not sell the goods at issue on its website and, therefore, had no connection to the State of Florida. Id. at 20. Such is not the case here. By Defendants' own evidence, they own and operate websites that are accessible to consumers in Florida and have sold and delivered the relevant goods to consumers in Florida. See, supra § (B)(1).

Defendants "ha[ve] not articulated the burden placed on [them] in adjudicating the action in this district, let alone any other district in the United States." CreeLED, Inc., 699 F. Supp. 3d at 1363. "To the extent there is any burden on Defendant[s] beyond that of litigating any matter in a U.S. District Court, that alone is insufficient to offend traditional notions of fair play and substantial justice. Id., citing Licciardello, 544 F.3d at 1288. adidas has shown they are suffering irreparable harm and damage by Defendants' actions. [DE 22, Order on Preliminary Injunction].

The Court's entry of a preliminary injunction "supports that [adidas has] an interest in obtaining relief" and that "the judicial system has an interest in resolving the dispute." <u>CreeLED, Inc.</u>, 699 F. Supp. 3d at 1363. Likewise, Defendants' admitted sale and delivery of goods to consumers in Florida "suggests that Florida has an interest in protecting its consumers from purchasing such goods that weighs in favor of the exercise of personal jurisdiction." <u>Id.</u> The traditional notions of fair play and substantial justice are not offended by the Court's exercise of personal jurisdiction over these Defendants and so Defendants' motion should be denied.

## II. DEFENDANTS WERE PROPERLY SERVED

Next, Defendants maintain the default must be set aside because Defendants are China-based entities and service by e-mail is not authorized by the Hague Convention. <u>See</u> Defendants' Motion [DE 40 at p. 7]. Contrary to Defendant's claims, (1) the Hague Convention does not apply to this matter; (2) even if applicable, this District has already determined that service via email to defendants in China pursuant to this Court's order is not prohibited by the Hague Convention and constitutes proper service; (3) service via e-mail is not inconsistent with the Hague Convention, and (4) the Convention does not displace service under Rule 4(f)(3) which was properly ordered by this Court.

### A.    The Hague Convention Does Not Apply to the Instant Action

The Hague Convention does not apply here because Defendants' addresses were not known at the time of the filing and service of this action.  Article 1 of the Hague Convention provides that it "shall not apply where the address of the person to be served with the document is not known." <u>Gucci Am., Inc. v. Huali Fan</u>, 2010 U.S. Dist. LEXIS 152725 (S.D. Fla. Sept. 28, 2020) (internal citations omitted). Here, at the time of filing and service of this action, adidas was aware of a number of email addresses associated with Defendants but was not aware of any physical address

for service in China.[1] (See Gaffigan Decl. at ¶ 3; see also Declaration of Virgilio Gigante [DE 9-2 at ¶ 7]). Accordingly, adidas sought and obtained authorization from this Court to serve the Summonses, Complaint, and all filings in this matter via e-mail or via website by posting copies of the same on adidas's designated serving notice website pursuant to FED. R. CIV. P. 4(f)(3). [DE 11]. adidas completed proper service on Defendant on April 23, 2022, pursuant to the Court's order. [DE 16]. Defendants do not deny receiving this e-mail service. Because adidas obtained proper service prior to learning of any alleged physical address belonging to Defendant, service under the Hague Convention was not necessary, Defendant was properly served, and Defendant's motion must fail. See Gucci Am., Inc., 2010 U.S. Dist. LEXIS 152725.

**B.    Even if the Hague Convention were applicable, service via e-mail was proper in this action**

The gravamen of Defendants' argument on service is twofold: (1) China has not "opted-in" to permit service via e-mail; and (2) China's Article 10 objection to service through "postal channels" prohibits service via e-mail. What Defendants fail to disclose is that in this District the argument has already been considered and rejected, with the court holding instead that China's Article 10 objection to service through "postal channels" does not include any prohibition on service via e-mail and that service via e-mail and web posting is not inconsistent with the Hague Convention. See Chanel, Inc. v. Handbagstore, No. 20-CV-62121-RUIZ/STRAUSS, 2021 U.S. Dist. LEXIS 122842 (S.D. Fla. June 30, 2021). For these reasons, Defendants' motion is without merit and should be denied.

---

[1] Under the notice pleading requirements of the Eleventh Circuit, adidas was not required to plead absolutely all known or unknown facts in its Complaint. Thus, adidas was not required to plead that it was unaware of any physical address for Defendants in China. Hart v. Hodges, 2005 U.S. Dist. LEXIS 50946 (M.D. Ga. July 8, 2005) ("[T]o require a plaintiff to plead facts, which absent discovery are as of yet unknown, would be in contravention to the Court's liberal notice pleading under FED. R. CIV. P. 8.").

"[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." Id. (internal citations omitted). Rule 4(f), which governs how to serve a summons when the defendant resides in a foreign country, provides in relevant part: "[An] individual … may be served at a place not within any judicial district of the United States (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention," or "by other means not prohibited by international agreement as may be directed by the court." FED. R. CIV. P. 4(f)(1), (3); see also Winston v. Walsh, 829 F. App'x 448, 450 (11th Cir. 2020), cert. denied, No. 20-1225, 2021 WL 1520834 (U.S. Apr. 19, 2021); Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 926 (11th Cir. 2003). Even if the Hague Convention applies, the Court "must determine whether the method of service employed here is an agreed means of service authorized by the Hague Service Convention or, at least, a means 'not prohibited by international agreement.'" See Handbagstore, 2021 U.S. Dist. LEXIS 122842, at *23, quoting Prewitt, 353 F.3d at 926; see also Chanel, Inc. v. 3ureplicachanel.com, 2020 U.S. Dist. LEXIS 250940 (S.D. Fla. July 8, 2020), citing Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc., No. 05-CIV-21962, 2007 U.S. Dist. LEXIS 39495, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.").

In furtherance of its purpose, which "is to simplify, standardize, and generally improve the process of serving documents abroad," the Hague Convention "specifies certain approved methods of service and pre-empts inconsistent methods of service whenever it applies." Id. at *23-24, quoting Water Splash, Inc. v. Menon, 137 S. Ct. 1504, 1507, 197 L. Ed. 2d 826 (2017). The Convention also allows for service by alternative methods so long as the destination country does

not object to those types of service. Id. at *25, citing Hague Service Convention, art. 8-10. Defendants assert that because China objected to service via "postal channels" as listed in Article 10 of the Hague Convention, service by e-mail is likewise prohibited. In support, Defendants cite cases from the Middle District of Louisiana, the Southern District of New York, the Northern District of California, the Northern District of Illinois, and the Middle District of Florida—none of which are binding and all of which are distinguishable.[2] More importantly, Defendants fail to acknowledge contrary holdings in this District that are on all fours with the instant action.

In Chanel, Inc. v. Handbagstore, the court held that "while the Hague Convention does not expressly authorize service by e-mail, according to a majority of courts, alternative means of service such as e-mail that are unmentioned by the Hague Convention are not prohibited if the receiving state has not objected to that alternative form of service." See 2021 U.S. Dist. LEXIS 122842, at *25 (internal citations omitted). There, the Court specifically noted that because China "has not expressly objected to service via e-mail or website posting," then "a court acting under Rule 4(f)(3) … remains free to order alternative means of service where a signatory nation has not

---

[2] Night Owl and Harris are distinguishable in that the plaintiff in Night Owl made no argument that the Hague Convention did not apply and in Harris, the plaintiff sought service pursuant to FED. R. CIV. P. 4(c) and (e) and the Court did not undertake to make any ruling specific to service via e-mail. Similarly, the plaintiff in Facebook was aware of a physical address for the defendants at the time of the initial attempts at service. There, the Central District of California recognized the circuit split but reached the opposite conclusion of this District, holding that the Hague Convention prohibits service via e-mail. The same occurred in Smart Study, where the S.D.N.Y. recognized the circuit split but reached the opposite conclusion of this District. Finally, Luxottica is not only distinguishable (the plaintiff there had a return address for the defendant in China at the time the lawsuit was filed and therefore was held to have had knowledge of a physical address implicating the Hague at the time of initial service of the lawsuit), but the Northern District of Illinois has more recently changed its stance on this issue, adopting the majority view and holding that China's objections to postal service under the Hague Convention do not encompass service by e-mail such that the plaintiff's service via e-mail was not inconsistent with the Hague Convention. Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Ass'n, 2021 U.S. Dist. LEXIS 64064 (N. D. Ill. April 1, 2021).

expressly objected to those means" including via e-mail and website posting. Id., quoting Gurung v. Malhotra, 279 F.R.D. 215, 219 (S.D.N.Y. 2011).

There, as in this action, the defendant maintained that because China formally objects to service through "postal channels," the plaintiff's service via e-mail and website posting was insufficient and inconsistent with the Hague Convention. Id. at *26. The Chanel Court disagreed, specifically holding: "[a]ccording to the majority view, followed by this District, China's objection to the alternative means of service in Article 10, which includes an allowance for service by mail, does not preclude service by e-mail or website posting." Id. at *27, citing Chanel, Inc. v. designerchanelgirl.com, No. 20-62447-CIV, 2020 U.S. Dist. LEXIS 248562 at *1 (S.D. Fla. Dec. 2, 2020). Citing more recent caselaw out of the Northern District of Illinois that undermines the Luxottica case on which Defendants rely, this District went on to mention that "'the majority of courts [hold] that a country's objection to postal service under the Hague Convention does not equate to an objection to e-mail service' because 'the instantaneous and traceable nature of e-mail cures the concerns with postal service.'" Id. at *27, quoting Hangzhou Chic Intelligent Tech. Co., 2021 U.S. Dist. LEXIS 64064 at *3 (N.D. Ill. April 1, 2021); see also Malletier v. Individuals, No. 0:23-cv-62209-KMM, 2023 U.S. Dist. LEXIS 234494 (S.D. Fla. Dec. 14, 2023). Defendants have not only failed to acknowledge the clear majority opinion in this District but have failed to offer any explanation whatsoever as to why that majority view should be ignored. For this additional reason, Defendants' motion should be denied.

C.      Service on Defendant via e-mail is not inconsistent with the Hague Convention

Next, Defendant cites two U.S. Supreme Court opinions, Water Splash, Inc. v. Menon and Volkswagenwerk Aktiengesellschaft v. Schlunk, as support for its assertion that "service is prohibited by e-mail *unless* a country explicitly permits it pursuant to Article 11 or Article 19" and

"the mandatory nature of the Convention … prohibits service by e-mail on Chinese entities." [DE 40 at pp. 10-11]. Yet, the holdings in both Water Splash and Schlunk are contrary to Defendants' position and provide support for adidas's proper service of Defendants. First, as in Schlunk, the Hague Convention does not apply to this action. See Schlunk, 486 U.S. at 707. Second, as the Chanel Court in this District has previously concluded China has not objected to service via e-mail and that such service is authorized under both Florida law and the Due Process Clause. See Handbagstore, 2021 U.S. Dist. LEXIS 122842, at *23, quoting Prewitt, 353 F.3d at 926.

And while some federal district courts have concluded that the Hague prohibits service methods that are not expressly prohibited but are, in their view, inconsistent with the terms of the Hague's authorized processes, this District follows the majority view and has concluded otherwise. See Designerchanelgirl.Com, 2020 U.S. Dist. LEXIS 248562; Richemont Int'l SA v. montblanchot.com, No. 20-CV-61941, 2020 WL 5763931, at *2 (S.D. Fla. Sept. 28, 2020); Malletier v. Louis-Vuittononlines.org, 2017 U.S. Dist. LEXIS 226549 (S.D. Fla. May 31, 2017); 3ureplicachanel.com, 2020 U.S. Dist. LEXIS 250940, citing Brookshire Bros., Ltd., 2007 U.S. Dist. LEXIS 39495, 2007 WL 1577771, at *2. In light of the established precedent in this District, adidas's service of Defendants via e-mail and website posting was not prohibited by or inconsistent with the Hague Convention and Defendants' motion should be denied.

**D.  The Hague Convention does not displace FED. R. CIV. P. 4(f)(3)**

Next, Defendants maintain that "because China is a signatory to the Hague Convention, Defendants, as Chinese entities, must be served through the Chinese central authorities." [DE 40 at p. 7]. Separate and apart from the fact that the Hague Convention does not apply to this action, this District adheres to the majority opinion that the Hague Convention does not supplant Federal Rule of Civil Procedure 4(f)(3). Indeed, the plain language of Federal Rule 4(f) states: "[A]

individual … may be served at a place not within any judicial district of the United States (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention," <u>or</u> "by other means not prohibited by international agreement as may be directed by the court." FED. R. CIV. P. 4(f)(1)(3).

  In <u>Adidas AG v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A,"</u> the court expressly held that diplomatic channels such as the Hague Convention are not the only means of proper service on a foreign defendant. No. 19-cv-61264-UU, 2019 U.S. Dist. LEXIS 249483 (S.D. Fla. May 22, 2019), <u>citing</u> <u>TracFone Wireless, Inc. v. Britton</u>, 278 F.R.D. 687, 692 (S.D. Fla. Jan. 11, 2012) (noting that in regards to Rule 4(f)(3) "there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive 'or,' are meant to be read as a hierarchy"). Accordingly, a court is well within its rights to order alternative service under Rule 4(f)(3) so long as such methods comport with due process. <u>See also</u> <u>Viahart, LLC v. He Ganpeng</u>, No. 21-40166, 2022 U.S. Dist. LEXIS 3974 (5th Cir. Feb. 14, 2022) (expressly noting it need not address the argument of whether plaintiff's service complied with the Hague Convention "because service was made pursuant to subsection 4(f)(3), not subsection (f)(1) or the Hague Convention" and the "Hague Convention does not displace subsection 4(f)(3)").

  Once again, Defendants have failed to acknowledge that in this District, the issue has already been determined in adidas's favor and offer no explanation as to why this clear position should be now summarily rejected. On this additional basis, adidas's service on Defendants pursuant to FED. R. CIV. P. 4(f)(3) as ordered by this Court was both proper and successful and Defendants' motion should be denied.

14

III.     DEFENDANTS HAVE FAILED TO DEMONSTRATE EXCUSABLE NEGLECT

In order to have a default judgment set aside for excusable neglect, the defendant must "establish that (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." Architectural Ingenieria Siglo XXI, Ltd. Liab. Co. v. Dominican Republic, 788 F.3d 1329, 1343 (11th Cir. 2015). Each of these factors weighs in favor of adidas.

A.     Defendants have not demonstrated a meritorious defense

By conclusory statement, Defendants claim to have demonstrated "meritorious defenses" based on no personal jurisdiction, a general denial of any infringement, and because the allegations in adidas's Complaint are "unsubstantiated." [DE 40 at pp. 15-16]. Yet, Defendants have admitted the allegations in adidas's Complaint by virtue of their default and personal jurisdiction is proper by Defendants' own evidence. Similarly, asserting the equivalent of a general denial does not constitute a "meritorious defense" as a matter of law, such that Defendants' motion must fail. United States v. Approximately $299,873.70 Seized from a Bank of Am. Account, 833 F. App'x 773, 775 (11th Cir. 2020); United States v. Kroll, No. 21-11472, 2023 U.S. App. LEXIS 992, at *10, 131 A.F.T.R.2d (RIA) 2023-358 (11th Cir. Jan. 17, 2023).

B.     Granting the motion may result in substantial prejudice to adidas due to the destruction of documents and key data that cannot be recovered

In the default judgment context, the movant on a Rule 60(b) motion must demonstrate the absence of any prejudice to the non-defaulting party. See Grant, 725 Fed. App'x. at 775. Here, while Defendants' counsel claims to have "been in negotiations on behalf of Defendants with counsel for Plaintiffs since June 24, 2024" and that "the parties have been diligently discussing the issues of the case and potential settlement up to and including through October 31, 2024" [DE 40-

2 at ¶¶ 2, 5], this representation is not accurate and avoids the entire issue of delay. First, neither Defendants nor their counsel (who entered an appearance in this case on June 4, 2024, prior *to* the Court's order on final default judgment) offer any explanation as to why Defendants completely failed to respond to adidas's Motion for Entry of Default Judgement. The Motion was still pending at the time counsel appeared on behalf of the Defendants and remained pending for another twenty (20) days after. Not only did Defendants not respond, but counsel did not even bother to attempt to communicate with counsel for adidas until <u>after</u> default was entered three weeks after they appeared. Still further, the communications between the parties' counsel from June 24, 2024, up to the filing of Defendants' motion on November 13, 2024, were not substantive but involved *discussions* to *discuss* settlement and talks about a potential mediation—all interspersed with long periods of silence and none of which actually lead to the production of information or the scheduling of a mediation. (<u>See</u> Gaffigan Decl at ¶ 7).

During this time—and in fact, since the filing of this lawsuit—key evidence in this case has been destroyed. The websites at issue have changed, the products at issue have been deleted from Defendants' websites the subject of this action, and the IP records available through third-party hosts have likely been deleted and are no longer subject to forensic examination. (<u>Id.</u> at ¶ 11). In other words, while Defendants failed to answer the Complaint, failed to respond to the Motion for Clerk's Entry of Default or Plaintiffs' Motion for Final Default Judgment, and failed to conduct substantive settlement talks with counsel for adidas, the online evidence and IP records specific to Defendants were likely destroyed, essentially eliminating adidas's ability to challenge Defendants' untimely denial of any infringement. (<u>Id.</u>). Defendants' inexcusable delays have likely severely limited the discoverability of key records, resulting in prejudice to adidas. <u>See</u> <u>Bohannon v. PHH Mortg. Corp.</u>, No. 1:12-CV-02477-RWS, 2015 U.S. Dist. LEXIS 30742, at *8 (N.D. Ga.

March 12, 2015) (holding that granting relief would negate the non-movant's efforts while rewarding the willful misconduct of movant's counsel). This factor weighs heavily against granting Defendants' the requested relief.

> **C.** **Defendants have offered no reason whatsoever for their failure to answer the Complaint**

Incredibly, Defendants' Motion offers no explanation as to why they failed to answer the Complaint or respond to either default motion. It was clearly not because they did not understand the obligations of being defendants in District Court actions. Defendants have failed to disclose to this Court their experience defending against exactly this type of litigation (intellectual property infringement and counterfeiting) in the U.S., including in at least four other lawsuits involving Defendants' same PayPal accounts and/or the same company responsible for the account, where Defendants were (or currently are) represented by the same counsel:[3] (See Gaffigan Decl. at ¶ 8).

- Skechers U.S.A., Inc. II v. The Partnerships and Unincorporated Associations d/b/a The Domain Names Identified on Schedule "A," Civil Action No. 1:24-cv-00596 (N.D. Ill.).

- Betty's Best, Inc. v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A, No. 1:23-cv-22322-DSL (S.D. Fla).

- Davis et al v. The Entities listed on Exhibit 1, Civil Action No. 23-cv-10799 (N.D. Ill).

- ABC LLC v. Partnerships and Unincorporated Associations Identified on Schedule A, Civil Action No. 24-cv-03436 (N.D. Ill).

---

[3] As evidenced by the e-mail address reported by attorney Anthony Son in his Motion to Appear Pro Hac Vice, listed as ason@dgwllp.com, Mr. Son is affiliated with the law firm DGW Kramer, LLP as is attorney Jacob Y. Chen (at e-mail jchen@dgwllp.com) who entered his appearance in this case on November 5, 2024. DGW Kramer LLP has or currently is representing Defendants on the same PayPal accounts in the cases listed above. (See Gaffigan Decl. at ¶ 8). Attorney Darren A. Heitner has or currently is representing other defendants in these same actions and likewise has experience in exactly these types of cases. (Id. at ¶ 10).

In fact, Defendants themselves are quite familiar with this type of U.S. based litigation and the need to respond to pleadings filed in federal court, as the same witnesses have offered declaration testimony in at least three of the cases listed above. (See Gaffigan Decl. at ¶ 9).

Since Defendants do not deny receiving service of the Summons, Complaint, and other pleadings in this case (only that e-mail service is not proper under the Hague Convention), Defendants were on notice of the lawsuit, were aware that they must file an answer in this case or, at a minimum timely move for Rule 60 relief, and have a relationship with U.S. attorneys who could have filed such pleadings on their behalf. Kroll, 2023 U.S. App. LEXIS 992 at *9; Gomez v. Majestic Hotel S. Beach LLC, No. 1:18-cv-23871-KMM, 2020 U.S. Dist. LEXIS 27627 (S.D. Fla. Feb. 14, 2020). "Rule 60(b)(1) cases have consistently held that where internal procedural safeguards are missing, a defendant does not have a 'good reason' for failing to respond to a complaint." Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 924-935 (11th Cir. 2007); see also BPI Sports, LLC v. ThermoLife International LLC et al, No. 19-cv 60505-RS (S.D. Fla. Feb. 14, 2023) (finding delay in filing Rule 60(b) motion to be a sufficient basis on its own to deny the motion). This principle "extend[s] … to situations where a defendant, knowing that an action has been filed against him, fails to act diligently in ensuring that his attorney is adequately protecting his interests." Sloss, 488 F.3d at 935, citing Florida Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 784 (11th Cir. 1993) (per curiam); see also Jacobs v. Hudson Real Estate Holdings, LLC, No. 20-CIV-80911-RAR, 2021 U.S. Dist. LEXIS 33184 *9-10 (S.D. Fla. Feb. 23, 2021) ("an attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation" because "[u[ltimately, it is the responsibility of counsel to monitor the progression of [the] case and any other case in which he is counsel of record"). Having offered no explanation whatsoever for failing to answer the Complaint, or timely moving for Rule

60 relief, Defendants cannot establish "excusable neglect" as a matter of law and their motion should be denied.

## CONCLUSION

Defendants chose to ignore this matter until adidas was successful in obtaining a judgment. Defendants' assertions regarding personal jurisdiction are without merit—based on their own evidence—and this Court's order allowing service via e-mail and website posting was proper under the long-arm statute and due process. Defendants have likewise failed to demonstrate excusable neglect and have offered no explanation whatsoever for their failure to Answer the Complaint, respond to Plaintiffs' Motion for Entry of Default Judgement, or to submit a timely request for relief pursuant to Rule 60. For all of these reasons, Defendants' motion is without merit and should be denied.

Dated: December 11, 2024.        Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **Stephen M. Gaffigan**
Stephen M. Gaffigan (Fla. Bar. No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar. No. 103372)
Christine Ann Daley (Fla. Bar No. 98482)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954 767-4819
E-mail: stephen@smgpa.cloud
E-mail: leo@smgpa.cloud
E-mail: raquel@smgpa.cloud
E-mail: christine@smgpa.cloud

Attorneys for Plaintiffs